UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FRANKLIN VASQUEZ,

    Plaintiff,

v.

YII SHIPPING COMPANY LIMITED,

    Defendant.
_____/

## SEAMAN'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### I.  PRELIMINARY ALLEGATIONS

1. Plaintiff is a seaman within the meaning of 28 U.S.C. 1916 and is entitled to file suit without prepayment of costs.

2. Plaintiff is a resident of the Dominican Republic.

3. Defendant, YII Shipping Company Limited (hereinafter "YII Shipping"), is a Foreign Corporation with its principal place of business in Ft. Lauderdale, Florida.

4. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. 1332. In the event this action does not fall under diversity of citizenship jurisdiction, then this matter is brought under the admiralty and maritime jurisdiction of this court.

5. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States, and the Jones Act, 46 U.S.C. Section 30104. Further, at all times material, Defendant willfully delayed and/or refused to pay Plaintiff's Maintenance and

1

Cure in Florida. As such, Defendant is subject to the jurisdiction of the Courts of this State under Admiralty jurisdiction, pursuant to 28 U.S.C. 1333 and 28 U.S.C. 1331.

6. Defendant YII Shipping is the owner and/or operator of the vessel in this matter, M/V YEOCOMICO and/or MV YEOCOMICO II. This vessel was registered in a flag of convenience country.

7. Plaintiff was employed as a seaman by the Defendant.

8. Defendant(s) at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this county or had an office or agency in this state and/or county;

   b. Were engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

9. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

10. Defendant is subject to the jurisdiction of the Courts of this State. At all times material Defendant engaged in systematic and continuous activities in Florida, and/or had substantial contacts with the State of Florida, and/or conducted business and/or derived economic benefits from Florida:

    a. Defendant is a shipping company in the business of shipping items to and from the State of Florida. At all times material: i) Defendant represented to the United States

government that it has operated vessels between USA and Bahamas as well as inter-island since 1977; ii) Defendant represented to its customers that it could deliver cargo to and from the United States to the Bahamas; iii) Defendant vessels, the M/V Yeocomico and the M/V Yeocomico II, transported merchandise between Port Everglades, Florida and the Bahamas on a weekly basis; iv) Defendant shipped merchandise to and from Port Everglades, Florida and the Bahamas via charters on the vessels KCT and Lady Emerald; v) Defendant instructed suppliers to deliver cargo to its Port Everglades warehouse, and to send invoices to its Ft. Lauderdale office.

b. At all time material, Defendant, represented to the public that it had an office in Florida. For instance, up until approximately 2001, Defendant maintained a Florida office in Dania Beach, Broward County, Florida. Thereafter, at all times material, Defendant has used Ft. Lauderdale, FL as locations of its Florida office. One such location is at 1777 S. Andrews Ave. #200, Ft. Lauderdale, Florida. The other location is at 3240 S.E. 6th Avenue, Ft. Lauderdale, FL.

c. Lisbon Higgs, a resident of Hollywood, Broward County, Florida and a U.S. Citizen, is YII Shipping's largest shareholder.

d. Since approximately 2001, Defendant, YII Shipping, has been doing business in the state of Florida with St. John's Shipping Company, a Florida corporation, located in Ft. Lauderdale, Florida.

e. At all times material, Defendant conducted business in the state of Florida with Sunshine Shipping Company, a Florida corporation, located in Ft. Lauderdale, Florida.

 f. At all times material, Defendant's vessel, the M/V Yeocomico was insured by the Great American Insurance Group, a U.S. insurer based out of Cincinnati, Ohio, with a pollution policy. In the application for this insurance dated January 18, 2007, Defendant described their operations as a **"freight service from USA to Bahamas,"** and seeks coverage for a geographic area extending from Jacksonville, Florida to the North Coast of the Dominican Republic.

 g. Prior to this action, Defendant YII Shipping sought protection and benefits from United States courts. In *Merrill Stevens Dry Dock Co. v. M/V Yeocomico II and YII Shipping Company, Ltd.*, a shipyard brought legal action against Defendant YII Shipping for their failure to pay for repair work on their vessel Yeocomico II, which was performed in the United States. Defendant counterclaimed against the ship yard to recover damages incurred during vessel repairs in the US. Thereafter, both parties appealed to the Eleventh Circuit Court of Appeals.

11. Plaintiff originally filed suit in this matter in state court in the 17th Judicial Circuit in and for Broward County, on September 21, 2007. *Vasquez v. YII Shipping Limited,* Case no. 07-24203 03.

12. On June 8, 2009 the State court dismissed Plaintiffs claims without prejudice and without reaching the merits of Plaintiff's causes of action based on Florida's doctrine of *forum non conveniens*.

13. In the state court action, the Court did not make any determination regarding personal jurisdiction or subject matter jurisdiction. Further, there was never a final determination on the merits of Plaintiff's substantive claims.

14. Plaintiff now re-files this action in good faith in federal court sitting in admiralty which

follows a different *forum non conveniens* standard than state court. *See Szumlicz v. Norwegian America Line, Inc.,* 698 F. 2d 1192, 1195 (11th Cir. 1983). Consequently the doctrines of collateral estoppel or res judicata do not apply. *See also Tananta v. Cruise Ships Catering*, 909 So. 2d 874 (Fla. 3d DCA 2005) (holding that the State of Florida has the right to direct whether to apply its own state law procedures in determining the venue of foreign seaman cases as opposed to federal standards):

> What has been prescribed for the federal courts with regards to forum non conveniens is not applicable to the states. *American Dredging Co. v. Miller,* 510 U.S. 443 (1993)… The Florida Supreme Court has articulated a different standard by which we are to weigh foreign seamen suits lodged in our state courts, especially where the issue raised for dismissal is the doctrine of forum non coveniens as opposed to lack of jurisdiction.

> *Id.*, at 882 – 883.

15. This complaint is filed within the statute of limitation as the pendency of the matter in state court equitably tolls the statute. The incident in this matter occurred on or about June 21, 2007. The lawsuit was filed in Florida state court on September 21, 2007.

## COUNT I - JONES ACT NEGLIGENCE

16. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through fifteen as though they were originally alleged herein.

17. On or about June 21, 2007, Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

18. It was the duty of Defendant to provide Plaintiff with a safe place to work.

19. On or about the above referenced date, while the vessel was docked in Freeport, Bahamas, Vasquez and another seafarer were working on the main deck, cutting pieces of metal with a gas powered acetylene gun. After a sudden loss of pressure, Vasquez approached the acetylene tank and started turning the valve to allow more flow, when

5

suddenly the tank exploded and caught fire, and severely burned Vasquez's left arm, left ear and left side of his mouth.

20. Thereafter, Plaintiff was not provided with prompt, proper, or adequate medical treatment which prolonged his pain and further aggravated his injuries. At all times material, Plaintiff reported the incident to the vessel's captain and asked to be taken to the hospital. Despite the fact the vessel was docked in Freeport, and a medical facility was close by, the captain declined Vasquez's request.

21. Plaintiff's injuries are due to the fault and negligence of Defendant, and/or its agents, servants, and/or employees as follows:

   a. Failure to use reasonable care to provide and maintain a proper and adequate machinery, crew and equipment;

   b. Failure to use reasonable care to provide Plaintiff a safe place to work;

   c. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel.

   d. Failure to use reasonable care to provide Plaintiff a safe place to work due to: 1. Failure to provide proper training and supervision to Plaintiff and other crew members, and/or 2. Failure to provide a safe acetylene cylinder with a proper valve and hose, and/or 3. Failure to properly inspect the acetylene cylinder including the valve and hose, and/or 4. Failure to properly maintain the acetylene cylinder including the valve and hose, and/or 5. Failure to have a safe method of cutting metal aboard the vessel, and/or 6. Failure to have adequate safety equipment to prevent the explosion and fire; and/or 7. Failure to provide Plaintiff with adequate safety equipment to prevent burns and

injuries, and/or 8. Failure to warn Plaintiff of the danger of being burned, and/or 9. Failure to avoid Plaintiff being burned, and/or 10. an explosion and fire from the acetylene cylinder, all of which caused the Plaintiff to be injured.

e. Failure to provide adequate instruction, and supervision to crew members and Plaintiff;

f. Failure to provide prompt, proper, and adequate medical care which aggravated Plaintiff's injuries and caused him additional pain and disability;

g. Failure to provide Plaintiff and other crew members who were associated with Plaintiff or Plaintiff's incident giving rise to this action, reasonable hours of employment so as to not overwork them to the point of not being physically fit to carry out their duties. Defendants employees are overworked to the point of fatigue.

h. Defendant failed to train workers properly, such as Plaintiff and the work crews are undersized. As a result Defendant has small work crews doing jobs traditionally handled by larger crews;

i. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident;

j. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work.

k. Prior to Plaintiff's accident Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard.

l. Defendant failed to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as other standards such as ILO 147.

m. Defendant failed to select and utilize competent, skilled and properly trained medical care providers with proper and adequate medical equipment with respect to the Plaintiff's medical care.

n. Defendant failed to provide Plaintiff with enough sleeping time so as to cause Plaintiff and the other crew members on the vessel the same physical and mental impairments as being drunk. These type of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57:649-655 (October 2000).

o. Defendant failed to properly medically manage Plaintiff's medical care after Plaintiff was injured, which made Plaintiff's initial condition worse.

22. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

23. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free

food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II – UNSEAWORTHINESS

24. Plaintiff realleges, incorporates by reference and adopts paragraphs one through fifteen as though they were originally alleged herein.

25. On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendant's vessel, which was in navigable waters.

26. At all times material hereto, the vessels were owned, managed, operated and/or controlled by Defendant.

27. Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

28. On or about the previously stated date the unseaworthiness of Defendants' vessel was a legal cause of injury and damage to Plaintiff by reason of the following: a. The vessel was unsafe and unfit due to the conditions created by Defendant as follows: 1. Failure to provide proper training and supervision to Plaintiff and other crew members, and/or 2. Failure to provide a safe acetylene cylinder with a proper valve and hose, and/or 3. Failure to properly inspect the acetylene cylinder including the valve and hose, and/or 4. Failure to properly maintain the acetylene cylinder including the valve and hose, and/or 5. Failure to have a safe method of cutting metal aboard the vessel, and/or 6. Failure to have adequate safety equipment to prevent the explosion and fire; and/or 7. Failure to provide Plaintiff with adequate safety equipment to prevent burns and injuries, and/or 8.

      Failure to warn Plaintiff of the danger of being burned, and/or 9. Failure to avoid Plaintiff being burned, and/or 10. an explosion and fire from the acetylene cylinder, all of which caused the Plaintiff to be injured.

  b. The vessel was not reasonably fit for its intended purpose;

  c. The vessel's crew was not properly trained, instructed or supervised;

  d. The vessel did not have a fit crew;

  e. The vessel did not have adequate manpower for the task being performed;

  f. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

26. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition Plaintiff in the past and in the future has lost the fringe benefits that come with Plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

    WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT III - FAILURE TO PROVIDE MAINTENANCE AND CURE

29. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through fifteen as though they were originally alleged herein.

30. On or about the previously stated date, Plaintiff while in the service of the vessel as a crew member was injured.

31. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant, until he is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated to the end of the contract or voyage which ever is longer.

32. Defendant willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition Defendant is late in paying the maintenance and cure.

33. The Plaintiff received treatment for his injuries from Dr. Guillermo Martinez at Miami Neurology and Rehabilitation Specialists in Miami-Dade County, Florida.  Defendant has failed to pay Plaintiff's medical bills incurred at  Miami Neurology and Rehabilitation Specialists as well as related medical expenses.  Defendant has failed to provide the recommended medical treatment for Plaintiff's injuries, including recommended physical therapy and medication.  Defendant has failed to authorize medical treatment for Plaintiff. Defendant has failed to provide Plaintiff with money for food and shelter while he is on shore recovering from his injuries.

34. Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee and punitive damages under the General Maritime Law of the United States. Further Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

WHEREFORE, Plaintiff demands all damages entitled by law, attorneys fees and demands jury trial of all issues so triable.

## COUNT IV - FAILURE TO TREAT

35. Plaintiff realleges, incorporates by reference and adopts paragraphs one through fifteen as though originally alleged herein.

36. On or about the previously stated date, Plaintiff was employed by Defendant as a seaman and was a member of the vessels' crew. The vessels were in navigable waters.

37. It was the duty of Defendant to provide Plaintiff with prompt, proper and adequate medical care.

38. Defendant negligently failed to promptly provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to: a. Defendant not giving Plaintiff medical care in a timely manner after his initial injury; and/or b. Defendant not providing recommended medical treatment and/or prescription

    medication.

39. As a direct and proximate result of Defendant's failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged.  In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

40. This Count is alleged separately from Jones Act Negligence pursuant to <u>Joyce v. Atlantic Richfield Company</u>, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

    WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

Respectfully submitted on February 3, 2011.

                                LIPCON, MARGULIES, ALSINA & WINKLEMAN P.A.
                                Attorneys for Plaintiff
                                One Biscayne Tower, Suite 1776
                                2 South Biscayne Boulevard
                                Miami, Florida  33131
                                Telephone:  (305)  373-3016
                                Facsimile: (305) 373-6204
                                Cllinas@lipcon.com

                                By:  ***s/Carlos Felipe Llinás Negre___t***
                                CARLOS FELIPE LLINAS NEGRET
                                Florida BAR NO. 73545